UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


NICOLE B.,[1]

               Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

               Defendant.

Case No. 3:20-cv-00925-YY

OPINION AND ORDER


YOU, Magistrate Judge:

      Plaintiff Nicole B. seeks judicial review of the final decision by the Commissioner of

Social Security ("Commissioner") denying her application for Disability Insurance Benefits

("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33, and

Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C.

§§ 1381-1383f.  This court has jurisdiction to review the Commissioner's final decision pursuant

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of her last
name.

to 42 U.S.C. §§ 405(g) and 1383(g)(3).[2]  For the reasons set forth below, that decision is
AFFIRMED.

## PROCEDURAL HISTORY

Plaintiff protectively filed for DIB and SSI on May 22, 2017, alleging disability
beginning on August 25, 2016.  Tr. 188-89, 195-98.  Her application was initially denied on
September 18, 2017, and upon reconsideration on December 8, 2017.  Tr. 115-19, 122-27.
Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on
February 7, 2019.  Tr. 31-58.  After receiving testimony from plaintiff and a vocational expert,
the ALJ issued a decision on April 17, 2019, finding plaintiff not disabled within the meaning of
the Act.  Tr. 10-24.  The Appeals Council denied plaintiff's request for review on April 10, 2020.
Tr. 1-5.  Therefore, the ALJ's decision is the Commissioner's final decision and subject to
review by this court.  20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper
legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C.
§ 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  This court must weigh the
evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by
isolating a specific quantum of supporting evidence.'"  *Garrison v. Colvin*, 759 F.3d 995, 1009-
10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).  This
court may not substitute its judgment for that of the Commissioner when the evidence can
reasonably support either affirming or reversing the decision.  *Parra v. Astrue*, 481 F.3d 742, 746

---

[2] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
636(c).

(9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 25, 2016. Tr. 15. At step two, the ALJ determined plaintiff suffered from the following severe impairments: chronic pain syndrome, mold exposure, depression, anxiety, and substance addiction disorder. Tr. 16. The ALJ recognized other impairments in the record, *i.e.*, insomnia, but concluded these conditions to be non-severe. *Id.*

The ALJ found plaintiff's neurological and mental impairments, considered singly or in combination, did not meet or medically equal the criteria of listings in 11.00 and 12.00. Tr. 16. Regarding the mental impairment finding, the ALJ considered the four broad areas of mental functioning, known as the "paragraph B" criteria, used to evaluate mental disorders, and the ALJ considered the serious and persistent criteria, known as the "paragraph C" criteria. Tr. 16-17; *see* 20 C.F.R. Part 404, Subpt. P, App. 1, 12.00.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 16. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined she could perform light work as defined in 20 C.F.R. § 404.1567(b) with these exceptions: she can lift/carry and push/pull twenty pounds occasionally, and lift/carry and push/pull ten pounds frequently; she can sit for six hours in an eight-hour workday; she can stand/walk for six hours total in an eight-hour workday; she should avoid even moderate exposure to humidity, wetness, and atmospheric conditions; she is limited to simple, routine and repetitive tasks; she is limited to making simple work-related decisions; she is limited to superficial contact with coworkers and the public; and her goals and plans must be set by a manager or supervisor, not independently set by the claimant. Tr. 18.

At step four, the ALJ found plaintiff was unable to perform any past relevant work. Tr. 22.

At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, she could perform jobs that existed in significant numbers in the national economy including: routing clerk, small products assembler, and silver wrapper. Tr. 23-24. Thus, the ALJ concluded plaintiff was not disabled at any time from August 25, 2016, through the date of the ALJ's decision on April 17, 2019. Tr. 24.

## DISCUSSION

Plaintiff argues the ALJ erred by (1) rejecting her subjective symptom testimony, and (2) rejecting the medical opinions of Cynthia Worden, DO, and Steven Donaldson, MA, LPC.

## I.   Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of and the record contains no

affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).  A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible."  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).  If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence.  20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8.  A lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony.  *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")).  However, when coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony.  *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Here, the ALJ found plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" and did not identify evidence of malingering. Tr. 19. However, the ALJ concluded plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* The ALJ also discounted plaintiff's statements because the "medical record does not support the severity of [her] alleged physical symptoms." *Id.*

Plaintiff argues the ALJ improperly rejected her subjective pain testimony on the basis she "denied that she was taking medication prescribed for her pain symptoms on several occasions." Pl. Br. 8-9; *see* Tr. 19 (citing 1244). The ALJ also relied on "[t]reatment notes" that indicated plaintiff "reported feeling 'pretty good,' and that her prescription medications were helping control her pain symptoms." Tr. 20 (citing Tr. 1272).

These records are from plaintiff's substance abuse treatment provider. Plaintiff was receiving substance abuse treatment for "pain pill use" and alcohol abuse; plaintiff used alcohol to resolve her pain after her pain medications were discontinued by her PCP. Tr. 1299. The denial that the ALJ relied upon pertained to an October 23, 2018 treatment note, which indicated that plaintiff had provided a mouth swab that tested positive for drugs, but strongly denied using hydrocodone and oxycodone and felt she had been falsely accused. Tr. 1244. The ALJ also relied on a September 11, 2018 treatment note in which plaintiff reported that she was "doing pretty good," and was taking her prescribed medication, buprenorphine, which made "her feel better." Tr. 1272, 1298. The ALJ reliance on these records is puzzling: while the ALJ was correct in observing that plaintiff denied using hydrocodone and oxycodone, she was taking another prescribed narcotic, buprenorphine, for pain. Tr. 1232 ("chronic pain: Pt. to continue 12 mg buprenorphine"). Moreover, plaintiff's substance abuse treatment notes recognize her diagnosis for chronic pain syndrome and indicate that she continued to report pain. *See* Tr. 1233 (describing pain in her rib cage and jaw, "7/10 pain today," "on average is 7/10").

Nevertheless, the ALJ also relied upon a Providence medical report from August 25, 2016 that indicated otherwise unremarkable test results and "no clear etiology for her symptoms." Tr. 20; Tr. 322 ("Unclear etiology at this time."). The ALJ further observed that "[p]hysical examinations of the claimant were also negative." Tr. 20 (citing (Tr. 106, 1234, 1297).

Further, the ALJ did not rely solely on plaintiff's medical history to discredit her testimony. The ALJ also found plaintiff's statements were inconsistent with "other evidence in the record," specifically activities of daily living. Tr. 18-20. An ALJ may invoke activities of daily living in the context of discrediting subjective symptom testimony to (1) illustrate a

contradiction in previous testimony or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ found the former, i.e., that plaintiff's allegations of disabling symptoms are not consistent with her daily activities. Tr. 19.

The ALJ cited to plaintiff's disability report, where she alleged chronic pain, major depression, autoimmune problems, and chronic fatigue. Tr. 18 (citing Tr. 236-46). The ALJ also cited the function report, where plaintiff alleged she has:

> celiac disease, several food allergies [], epigastric pain, severe digestive issues, painful explosive diarrhea, extreme fatigue, cannot eat and always need to be near a bathroom, trigeminal neuralgia, and chronic pain condition, shooting nerve pain up in jaw and face, chronic pain in chest, ribcage, saw [sic] and skull (8E). She also stated light and sound are magnified for her; she is on pain medication and uses ice packs; she is rendered functionless; she has esophageal spasms that minims [sic] heart attacks; her ribcage feels like it is crushing her; she experiences 10/10 pain; she drops to the floor; she is unable to do basic household chores; she has problems using stairs; she has chronic nausea; it is painful/difficult for her to eat; she is unable to do work or social events; she has a major depressive disorder; she cannot perform personal hygiene; she has a lost [sic] of interest in activities; she has sporadic attacks of gut and digestive tract; and, it is impossible for her to work or keep any schedule or even us [sic] the phone (8E).

Tr. 19 (citing Tr. 266-73). Additionally, the ALJ cited plaintiff's testimony from the hearing where she elaborated on her symptoms. Tr. 19.

Then, the ALJ cited to plaintiff's testimony regarding her daily activities:

> [Plaintiff] reports working and performing a wide variety of activities with her impairments. She stated she has a driver's license and drives; she shops in stores for groceries 1-2 times a week for 45-60 min; she prepares meals daily; she walks her dog for 30-minutes; and, she loads and unloads the dishwasher . . . The claimant stated that after today's hearing she was going to go out for a couple of days because her prescription medication (Suboxone) took away her anxiety so she can interact with people. Finally, she reported taking care of her autistic brother.

Tr. 19.

After considering the above evidence, the ALJ found plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with evidence of her daily activities.  The ALJ reasonably used plaintiff's activities of daily living to illustrate contradictions in her testimony and thus reasonably rejected plaintiff's symptom testimony on this basis.  *See Orn*, 495 F.3d at 639.  Contradictory statements are a clear and convincing reason to reject symptom testimony.  *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).  In sum, the ALJ's interpretation was reasonable and the ALJ made the requisite specific findings to reject plaintiff's subjective symptom testimony.  Furthermore, the ALJ's reasoning is supported by substantial evidence in the record.  *See* Tr. 45-51, 65, 76, 220, 226, 237, 266, 611, 615, 988, 1028, 1219, 1221.  Because the ALJ's findings are supported, they must be upheld.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (holding if evidence exists to support more than one rational interpretation, the court is bound to uphold the ALJ's findings).

Plaintiff contends the ALJ engaged in *post hoc* rationalization.  Pl. Reply 1.  The court "may review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."  *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing *Garrison*, 759 F.3d at 1010); *see SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (applying rule to review of all administrative law).  However, as the sequence of the ALJ's analysis described above shows, the ALJ discussed plaintiff's activities of daily living in the context of evaluating her subjective symptom testimony.  Therefore, this is not an *post hoc* rationalization.

## II.     Medical Opinion Evidence

Plaintiff filed her application for benefits on May 22, 2017.  For claims filed on or after

March 27, 2017, Federal Regulation 20 C.F.R. § 404.1520c governs how an ALJ must evaluate

medical opinion evidence under Title II, and 20 C.F.R. § 416.920c governs under Title XVI.

*Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed.

Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017).

Under these new regulations, ALJs no longer "weigh" medical opinions, but rather

determine which are most "persuasive."  20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).  To

that end, controlling weight is no longer given to any medical opinion.  *Revisions to Rules*, 82

Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the

Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2)

consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as

"evidence showing a medical source has familiarity with the other evidence in the claim or an

understanding of our disability program's policies and evidentiary requirements."  20 C.F.R.

§§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).  The factors of "supportability" and

"consistency" are considered to be "the most important factors" in the evaluation process.  20

C.F.R. §§ 404.1520c(c), 416.920c(c).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain

how the ALJ considered the supportability and consistency factors.  20 C.F.R. §§ 404.1520c(a),

(b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7

(D. Or. Oct. 28, 2020).  "The ALJ may but is not required to explain how other factors were

considered, as appropriate, including relationship with the claimant (length, purpose, and extent

of treatment relationship; frequency of examination); whether there is an examining relationship;

specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020).  However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical."  *Tyrone*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence.  *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

### A.    Whether the "Specific and Legitimate" Standard Still Applies

As an initial matter, the parties disagree about the relevance of Ninth Circuit case law in light of the amended regulations.  Specifically, the parties dispute whether an ALJ is still required to give specific evidentiary weight to medical opinions and whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician.  *Compare* Pl. Br. 11-12 *with* Def. Br. 10-13.  The Commissioner argues the Social Security Administration reversed the policies that underpinned the old regulatory scheme, and, thus, the heightened standards and physician hierarchies articulated in *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988), and *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), are no longer applicable.  Def. Br. 13.  Therefore, the Commissioner contends, the court must affirm the ALJ's rejection of a medical source's opinion if the ALJ's

rationale is supported by substantial evidence. *Id.* Plaintiff argues, pursuant to 20 C.F.R. §

404.1520c(b), that the ALJ must explain the weight given to medical opinions, thus giving a

treating medical opinion substantial weight. Pl. Br. 12 (citing *Embrey*, 849 F.2d at 422).

However, as noted above, controlling weight is no longer given to any medical opinion.

*Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Additionally, plaintiff argues the ALJ must provide specific and legitimate reasons

supported by substantial evidence to reject a medical opinion. Pl. Br. 12 (citing *Lester*, 81 F.3d

at 830). Under current Ninth Circuit law, an ALJ must provide "clear and convincing" reasons

to reject an uncontradicted opinion from a treating or examining doctor, and "specific and

legitimate" reasons to reject a contradicted opinion from such doctor. *Lester*, 81 F.3d at 830-31.

The regulations pertaining to applications filed before March 27, 2017, set out a hierarchy for

treatment of opinion evidence that, consistent with Ninth Circuit case law, gives treating sources

more weight than non-treating sources, and examining sources more weight than non-examining

sources. *See Standards for Consultative Examinations and Existing Medical Evidence*, 56 Fed.

Reg. 36,932, *available at* 1991 WL 142361 (Aug. 1, 1991); *Magallanes v. Bowen*, 881 F.2d 747,

751 (9th Cir. 1989) (adopting the "clear and convincing" and "specific and legitimate" standards

for rejecting treating and examining source medical opinions); *Murray v. Heckler*, 722 F.2d 499,

502 (9th Cir. 1983) (holding that "[i]f the ALJ wishes to disregard the opinion of the treating

physician, he or she must make findings setting forth specific, legitimate reasons for doing so

that are based on substantial evidence in the record). In 2017, the Commissioner revised agency

regulations to eliminate the hierarchy of medical opinions. *See Revisions to Rules*, 82 Fed. Reg.

5867-68. Under the new rules, the Commissioner "will not defer or give any specific evidentiary

weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

The Ninth Circuit has not yet decided whether the 2017 regulations will cause it to re-evaluate the "specific and legitimate" standard set forth in *Murray*, 722 F.2d at 499, for review of medical opinions. *See Robert S. v. Saul*, No. 3:19-CV-01773-SB, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021), *report and recommendation adopted*, 2021 WL 1206576 (D. Or. Mar. 29, 2021) (collecting cases). Nevertheless, the new regulations still require ALJs to explain their reasoning for discounting a medical opinion from a treating or examining physician to allow for meaningful judicial review. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *see also Scott D. v. Comm'r Soc. Sec.*, No. C20-5354 RAJ, 2021 WL 71679, at *4 (W.D. Wash. Jan. 8, 2021) (noting that "[e]ven under the Commissioner's new regulations, the ALJ must articulate why he has rejected the opinion" and that "the Ninth Circuit's 'specific and legitimate standard' is merely a benchmark against which the Court evaluates that reasoning"). The court therefore considers whether the ALJ adequately addressed the persuasiveness, including the supportability and consistency, of Dr. Worden's and treating therapist Donaldson's opinions.

### B.    Dr. Worden's Opinion

In an October 27, 2017 letter, treating provider Dr. Worden opined plaintiff could not lift over five pounds; stand longer than ten minutes; walk more than three blocks; repetitively bend, lift, or twist; care for patients during a flare of pain, vomiting, diarrhea, and/or depression; drive or care for others during depressive flares; leave home during a chest pain flare; or assist patients in transfers, bathing, or moving due to chronic pain and fatigue. Tr. 628-29. Dr. Worden further opined plaintiff was unable to care for others, drive, or make clinical decisions while under the

influence of medications for her chronic pain. Tr. 620. Dr. Worden concluded plaintiff was disabled and unable to work. Tr. 629.

In January 2019, Dr. Worden completed a physical capacity form. Tr. 1211-15. The doctor listed plaintiff's diagnoses as major depressive disorder, chronic pain syndrome, chronic fatigue syndrome, and abdominal pain. Tr. 1211. Dr. Worden opined plaintiff could stand/walk less than two hours total and sit about four hours total; would need to rest, including sleep during daytime hours, for an additional one to two hours outside of normal breaks; could never crawl, climb, repetitively grasp, repetitively push or pull, operate foot pedals, balance, or stoop; and never lift more than ten pounds. Tr. 1211-13. Dr. Worden further opined plaintiff was incapable of even a low stress job due to depression, would be off task more than two thirds of the day, and would miss more than two days of work a month. Tr. 1213-14.

The ALJ found the opinion of Dr. Worden "unpersuasive." Tr. 21.

### 1.    Unsupported by Plaintiff's Medical Record

The ALJ found the opinion of Dr. Worden was unsupported by the medical record as a whole. Tr. 21.

Dr. Worden opined the claimant could never perform basic work activities such as balancing or lifting more than ten pounds. Tr. 1211-13. However, the ALJ observed that the objective exams revealed largely unremarkable findings, such as normal ambulation and full strength. Tr. 20-21 (citing Tr. 106, 1234, 1239, 1297). Dr. Worden also opined plaintiff would be off task over two thirds of the day and could not handle even a low stress job due to depression. Tr. 1213-14. However, the objective mental status exams showed intact memory and attention, despite depressed and anxious mood. Tr. 1272, 1283; *see* Tr. 326, 400, 640, 644, 656, 660, 696, 678, 848, 1114, 1131, 1142, 1195. Thus, the ALJ's finding that plaintiff's

medical record does not support the opinion of Dr. Worden is supported by substantial evidence. *See Fisher v. Schweike*r, 568 F.Supp. 900, 903 (N.D. Cal. 1983) (stating that it is permissible to rely on a plaintiff symptom testimony as substantial evidence to reject a medical opinion).

### 2. Inconsistent With Plaintiff's Activities of Daily Living

The ALJ also rejected the opinion of Dr. Worden because plaintiff's "wide variety of daily activities are inconsistent with the severity of her opinions." Tr. 21.

In support, the ALJ cites plaintiff's Disability Determination where it was noted that plaintiff "spends time [with] her autistic brother, does the shopping, handles the finances, [and] visits [with] friends." Tr. 21 (citing Tr. 65); *see* Tr. 237 (plaintiff stated she stopped working because her "[b]rother (autistic) had heart procedure, stayed with me and I was paid by employer & went back to his living situation."), Tr. 220 (plaintiff indicated she "[t]ook care of autistic brother for several weeks. 11/16-12/16."), Tr. 250 (plaintiff indicated she shops two to three times a month for a total of sixty minutes), Tr. 269 (plaintiff indicated she shops one to two times per week for forty-five minutes to an hour), Tr. 611 (plaintiff "staying with close friend and they get along"), Tr. 654 (plaintiff moved in with friend), Tr. 855 (plaintiff reports friends are sober supports for her), Tr. 1037 (plaintiff attended a party with a friend), Tr. 1233 (plaintiff lives with friends). Thus, the ALJ's finding that plaintiff's activities of daily living were inconsistent with the opinion of Dr. Worden is supported by substantial evidence.

Although plaintiff argues for a different interpretation of the record, citing evidence in support of her argument that plaintiff's activities do not contradict Dr. Worden's opinion, Pl. Br. 12-14, the court affirms the ALJ's finding because it was reasonable and supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (variable interpretations of the evidence are insignificant if the ALJ's is reasonable).

In sum, the ALJ satisfied the supportability and consistency consideration and articulation requirements.  20 C.F.R. §§ 404.1520c(b), 416.920c(b).  Thus, the ALJ's rejection of the opinion of Dr. Worden is supported by substantial evidence, and, accordingly, the ALJ did not err.

### C.    Therapist Donaldson's Opinion

In January 2019, Donaldson completed a Mental Residual Functional Capacity Assessment.  Tr. 1216-18.  He listed plaintiff's diagnoses as major depressive disorder and recurrent and generalized anxiety disorder.  Tr. 1216.  Concerning plaintiff's ability to understand, remember, or apply information, Donaldson opined plaintiff has only mild limitations.  *Id.*   Concerning plaintiff's ability to interact with others, Donaldson indicated plaintiff has mild limitations in her ability to ask simple questions or request assistance from supervisors or coworkers; moderate limitations in her ability to understand and respond to social cues; marked limitations in her ability to interact appropriately with the general public or customers; marked limitations in her ability to respond to requests, suggestions, criticisms, correction, and challenges from supervisors; marked limitations in her ability to work cooperatively and handle conflicts with coworkers; and marked limitations in her ability to keep social interactions free of excessive irritability, sensitivity, argumentativeness, suspicious, or other inappropriate behavior.  Tr. 1217.  Concerning plaintiff's ability to concentrate, persist or maintain pace, Donaldson indicated plaintiff has a mild limitation in her ability to change activities of work settings without being disruptive; marked limitations in her ability to work at an appropriate and consistent pace and complete tasks in a timely manner; marked limitations in her ability to ignore or avoid distractions and work close to or with others without interrupting or distracting them; marked limitations on her ability to sustain an ordinary routine and regularly

attend work; and an extreme limitation in her ability to work a full day, and complete a full week without needing more than the allotted number of rest periods during the day. *Id.* Donaldson opined plaintiff would need unscheduled breaks from a simple, routine job, outside of standard breaks and that plaintiff would be off task at least fifty percent of the time and need more than two days off per month. Tr. 1217-18. Finally, concerning plaintiff's ability to adapt, Donaldson indicated plaintiff has mild limitations distinguishing acceptable work performance, maintaining personal hygiene, and taking appropriate precautions for normal hazards; moderate limitations in her ability to set realistic goals and make plans; and marked limitations regarding her ability to respond to demands and adapt to changes, and manage psychologically based symptoms. Tr. 1218.

The ALJ found the opinion of Mr. Donaldson "unpersuasive." Tr. 22.

### 1.    Unsupported by Plaintiff's Medical Record

The ALJ found Donaldson's opinion was unsupported by the medical record as a whole. Tr. 22.

Donaldson opined plaintiff's pain would affect her mental impairments, yet plaintiff's mental exams were mostly within normal limits with some notes of agitation and anxious mood. Tr. 1216-28. Donaldson's treatment notes indicate plaintiff's depression is in partial remission. Tr. 1219, 1221, 1223, 1225, 1227, 1228. Plaintiff's treatment record showed repeated denials of anxiety or depression, reports that plaintiff's mood was stable, and unremarkable psychiatric findings, such as good insight, judgment, and reason, even when plaintiff exhibited an anxious/depressed mood. Tr. 20 (citing Tr. 1272, 1283); *see also* Tr. 326, 400, 640, 644, 656, 660, 696, 678, 848, 1114, 1131, 1142, 1195. Donaldson's diagnosis, combined with his

objective findings and the medical record, do not support the level of severity of limitations that he claimed.  Tr. 1216-1218, 1219, 1221, 1223, 1225, 1227, 1228.

Therefore, the ALJ properly concluded that Donaldson's opinion, including diagnosis and severity of limitations, is unsupported by the medical record as a whole.  The ALJ's finding is also supported by substantial evidence.

### 2.    Inconsistent with Plaintiff's Objective Medical Evidence

The ALJ further rejected Donaldson's opinion because "he appears to base his opinions on the claimant's subjective complaints rather than on objective medical evidence."  Tr. 22.

As analyzed above, the ALJ reasonably found that plaintiff's subjective symptom testimony was inconsistent with her activities of daily living.  Because plaintiff's subjective symptom testimony was inconsistent with the medical record, Donaldson's opinion is also inconsistent with the medical record.  Thus, the ALJ's finding that Donaldson relied on plaintiff's subjective symptom testimony and not objective medical evidence was a reasonable basis to conclude that Donaldson's opinion was inconsistent with plaintiff's objective medical evidence.  *See Schweiker*, 568 F.Supp. at 903 (stating that it is permissible to rely on a plaintiff symptom testimony as substantial evidence to reject a medical opinion).

Although plaintiff argues for a different interpretation of the record, citing evidence in support of her argument, Pl. Br. 16, the court affirms the ALJ's finding because it was reasonable and supported by substantial evidence.   *See Burch*, 400 F.3d at 679 (variable interpretations of the evidence are insignificant if the ALJ's is reasonable).

In sum, the ALJ satisfied the supportability and consistency consideration and articulation requirements.  20 C.F.R. §§ 404.1520c(b), 416.920c(b).  Thus, the ALJ's rejection of

the opinion of Donaldson is supported by substantial evidence, and, accordingly, the ALJ did not err.

## ORDER

The Commissioner's decision is AFFIRMED.

DATED  September 30, 2021.

/s/ Youlee Yim You
_____
Youlee Yim You
United States Magistrate Judge
